# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Allen A. Watts | Civil Action No. 6:04-1135 |
| versus | Judge Tucker L. Melançon |
| St. Landry Parish School Board, et al. | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is an unopposed Motion for Summary Judgment filed by defendants St. Landry Parish School Board, Highland Elementary School and Rusty Moody. [Rec. Doc. 17]. For the following reasons, defendants' motion will be granted.

### *I. Background*

The present suit, alleging discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., and La. R.S. 23:301 et seq., arose out of Allen Watts' alleged failure to be promoted and subsequent termination. Plaintiff claims that he was discriminated against because of his religious beliefs and his race. The following facts are not in dispute.

Allen Watts was employed as a substitute janitor at Highland Elementary School from January 1997 until January 26, 1998 on an as-needed basis.

1

(*Defendants' Statement of Uncontested Facts*, No. 5; *Watts deposition*, pp. 41-42). He was hired by Claude Moody, the principal at Highland Elementary School. (*Defendants' Statement of Uncontested Facts*, No. 4; *Watts deposition*, pp. 41-42). During his employment, Watts' work performance was generally satisfactory. (*Defendants' Statement of Uncontested Facts*, No. 6). During his employment, Watts' hair was shoulder length and worn occasionally in corn-rows, but usually worn uncombed and unbraided. (*Id*, No. 7). On multiple occasions, Principal Moody received complaints about Watts' grooming and appearance from other school employees. (*Id*, No. 6). On numerous occasions Moody and the head custodian attempted to counsel plaintiff about his appearance, as it was in violation of the St. Landry Parish School Board policy on employee dress and grooming. (*Id*; *Motion for Summary Judgment*, Exhibit 1). This policy has been in place since 1991 and gives the principal discretion to enforce the spirit of the guidelines. (*Motion for Summary Judgment*, Exhibit 1). Plaintiff refused to comply with the policies and Moody's warnings. (*Id; Watts' deposition*, pp. 83-85).

In January 1998, Moody approached Watts and informed him that a permanent janitorial position had become available, and that if Watts complied with the school board's grooming guidelines, Moody would recommend Watts for the position. (*Defendants' Statement of Uncontested Facts*, No. 8; *Watts deposition*, pp. 49, 54).

Watts declined, left the workplace, and never returned. (*Id*). He subsequently did not apply for the vacant position. (*Id*).

Plaintiff identifies his religion as "Hebrew." (*Defendants' Statement of Uncontested Facts*, No. 10; *Watts deposition*, pp. 47-48, 53). He does not belong to an organized religion, but rather "walks with the spirit." (*Watts' deposition*, pp. 47-48, 53). At no time was Principal Moody made aware of Watts' religious persuasion, nor of any of his accompanying beliefs. (*Defendants' Statement of Uncontested Facts*, No. 9; *Watts deposition*, pp. 48, 51-52).

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.,* 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Analysis

As an initial matter, the fact that Watts has not filed an opposition to defendants' motion does not necessarily signify that defendants should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, Watts' failure to file an opposition and statement of contested material facts

4

in response to the motion requires the Court to deem defendants' statements of uncontested material facts admitted for purposes of their instant motion. *See* Local Rule 56.2W.[1]

### A. Religious Discrimination

In order to prevail on a claim of intentional discrimination under 42 U.S.C. §2000e or Title VII, a plaintiff must first establish a *prima facie* case of discrimination. *Raggs v. Mississippi Power and Light Co.*, 278 F. 3d 463, 468 (5th Cir 2002). To maintain a *prima facie* case of religious discrimination, a plaintiff must prove by a preponderance of the evidence that: 1) the employee had a bona fide religious belief that conflicted with an employment requirement; 2) the employee informed his employer of this belief; and 3) the employee was discharged for failing to comply with the conflicting employment requirement. *Weber v. Roadway Express*, 199 F.3d 270, 273 (5th Cir. 2000).

In his Complaint, Watts alleges that he was not promoted to assistant custodian and ultimately terminated because he wore his hair in corn-rows. (*Complaint*, No. 5-6). Having long hair was a part of his religious practice of Hebraism. (*Id*). These allegations are without any evidentiary support. Nowhere in the record does Watts

---

[1]Defendant's Motion for Summary Judgment was filed with the Court on September 13, 2005. According to LR7.5W, plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment would have been due by September 28, 2005.

5

point out that Moody knew of his religious beliefs and customs. In fact, Watts admits in his deposition that Principal Moody did not have any inclination that long hair was a part of Watts' religious practice. (*Watts' deposition*, p. 48, 51-52). Accordingly, the Court must end its inquiry into the alleged religious discrimination by the defendants since plaintiff has failed to prove his *prima facie* case of discrimination.

Further, the Court finds that Watts fails to support his contention that his religious tenets led to his termination and failed promotion. The record indicates that Watts in fact resigned from his position as a temporary custodian following a discussion concerning his appearance and conformance with school board policies and in turn never applied for the permanent position. (*Watts' deposition*, p. 49, 54). "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Dollis v. Rubin,* 77 F.3d 777, 781-82 (5th Cir. 1995). Nothing in the record shows that defendants acted adversely to Watts' employment with Highland Elementary School. Therefore, plaintiff's claim must fail.

### B. Racial Discrimination

To demonstrate a *prima facie* case of discrimination by disparate treatment or for failure to promote, the plaintiff must show: 1) that he is a member of a protected class; 2) that he was qualified for the promotion or benefit; 3) that he did not receive

the benefit; and 4) the employer filled the position or provided the benefit to an employee outside of the protected class. *Page v. U.S. Industries,* Inc., 726 F.2d 1038, 1055 (5th Cir. 1984) citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).

In his Complaint, plaintiff avers that defendants discriminated against him because of his race when they allowed a white custodian to maintain hair longer than his own. (*Complaint*, No. 8). Watts' allegations again go unsubstantiated. "A Title VII plaintiff bears the initial burden to prove a *prima facie* case of discrimination by a preponderance of the evidence." *Greene v. Daimler-Chrysler Services of North America*, 128 Fed. Appx. 353, 356 (5th Cir. 2005). Based on the record, Watts has failed to present evidence that he was treated in a discriminatory manner, as compared to the treatment received by other custodians. That alone ends the Court's inquiry as to the alleged disparate treatment practices of the defendants.

As stated above, the Court further finds that plaintiff's racial discrimination claim must fail because defendants took no action that was detrimental to the plaintiff. Defendants did not terminate Watts, nor fail to promote him. Watts simply resigned. (*Watts' deposition*, p. 49, 54). Accordingly, plaintiff is unable to carry his burden in establishing a *prima facie* case against the defendants for racial discrimination.

*IV. Conclusion*

Watts has failed to make a *prima facie* case that defendant acted in a discriminatory manner in violation of 42 U.S.C. § 2000(e) et seq. and Louisiana law. Therefore, his claims must fail. For the foregoing reasons, the Court will grant defendants' motion for summary judgment and dismiss plaintiff's claims against the defendant with prejudice.